**Susan HOWLETT, Appellant,**

v.

**KENTUCKY BOARD OF DENTISTRY, Appellee.**

No. 90–CA–002156–MR.

Court of Appeals of Kentucky.

Dec. 20, 1991.

Christopher G. Shaw, Jefferson & Shaw, Elizabethtown, for appellant.

Greg Holmes, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, STUMBO and WILHOIT, JJ.

STUMBO, Judge.

Susan Howlett appeals an order of the Hardin Circuit Court finding her in contempt of court for a violation of a permanent injunction prohibiting her from practicing dentistry. We reverse.

By order of the Hardin Circuit Court dated April 7, 1987, Steve Goodman was permanently enjoined both as an individual and as the operator of two dental laboratories from practicing dentistry without a license under KRS 313.010(2). The appellant was an employee of Goodman's dental laboratories, which were licensed by the

Kentucky Board of Dentistry, the appellee. On January 30, 1989, the court issued a warrant for the arrest of the appellant charging her with contempt of court for violation of the injunction based upon an affidavit filed by Cathy Hall. The order of arrest and all contempt proceedings against appellant were dismissed pursuant to an agreed order dated March 16, 1989, after the appellee decided that there was no evidence that the appellant was aware of the injunction. In return for getting the contempt charge dismissed, the appellant agreed as follows:

That Susan Howlett is, by this Agreed Order, given actual notice of the permanent injunction entered herein against Steve Goodman and Steve Goodman, d/b/a Steven's Dental Lab, d/b/a Surefit Dental Lab, on April 7, 1987.

On July 3, 1990, the court again ordered the appellant arrested for violation of the injunction based upon an affidavit by William Arnold filed with the court on June 29, 1990. By motion dated August 15, 1990, appellant argued that the April 7, 1987, injunction was granted only against Steve Goodman and the two dental laboratories, not against her individually. The appellant, while admitting that she had actual knowledge of the injunction under the agreed order, claimed that under CR 65.02 and *White v. Sullivan*, Ky.App., 667 S.W.2d 385 (1983), she was only bound to the extent she acted in concert or participation with the enjoined party. The appellee responded that it would introduce evidence which would show that the appellant was in concert with Steve Goodman under the injunction and Kentucky law. Further, the appellee argued that by signing the March 16, 1989, agreed order, appellant bound herself to obey the injunction as if she were a named party.

At a hearing on September 10, 1990, appellant's counsel made a motion for judgment on the pleadings under CR 12.03, which the court denied. Arnold then testified as to the facts contained in his affidavit. Under direct examination, Arnold testified that he went to the appellant's house on June 18, 1990, to get the denture work performed, and that appellant took an impression of his upper teeth, but informed him that a "bone spur" would have to be removed before she could fit an upper denture. After having the bone spur removed, Arnold claimed that he went to the appellant's residence on June 22, 1990, and at that time she fitted the denture and charged him $140 for her services. Appellant also gave him a business card with her name, home address, and phone number on it. On cross-examination, Arnold admitted that he did not hear the appellant mention Steve Goodman, that Steve Goodman was never present when he was, and that he had only visited the home of the appellant.

After hearing this testimony, appellant's counsel made a motion for a directed verdict, which the court denied. The court held that by signing the March 16, 1989, agreed order, the appellant had bound herself to obey the injunction and ordered that she be imprisoned for thirty days for contempt of court.

Appellant argues on appeal that the contempt finding must be reversed because she was not an enjoined party under the injunction; therefore, the appellee had to prove under CR 65.02 and *White, supra,* that she was in concert or participation with Goodman at the time she performed the work for Arnold. We reluctantly agree with the appellant.

■ It is clear from the March 16, 1989, agreed order that all the appellant agreed to was that she had actual knowledge of the April 7, 1987, injunction. Therefore, the court erred by ruling that she had agreed to become an enjoined party under the injunction. If the court wished to enjoin the appellant, it should have issued an injunction against her or expressly joined her to the injunction issued against Goodman.

■ We also agree with the appellant that the appellee failed to meet its burden of proof in showing that the appellant was in concert or participation with Goodman. CR 65.02 provides as follows:

(2) Every restraining order or injunction shall be binding upon the parties to the action, their officers, agents, and at-

torneys; and upon other persons in active concert or participation with them who receive actual notice of the restraining order or injunction by personal service or otherwise.

In *White, supra,* this Court upheld the circuit court's findings which held a non-party to an injunction in contempt for actions in which he participated with a party to the injunction. *White, supra,* at 388. While it is clear that the appellant had actual knowledge of the injunction because of the March 16, 1989, agreed order, the record is devoid of any facts which show that the appellant was in concert or participation with Goodman at the time she performed the acts which were allegedly in violation of the injunction. It is not enough to show that appellant was in concert or participation with Goodman at some previous time; once this concert or participation ended, she was no longer bound by the injunction because she was not a party to it. The court did not err in issuing an arrest warrant for the appellant based on Arnold's affidavit or in refusing to dismiss the case on the pleadings because of the assertion of the appellee that it could prove that the appellant was in concert or participation with Goodman. However, the court should have granted appellant's motion for a directed verdict at the close of the appellee's case since it was apparent that the appellee was relying on past proceedings to prove that the appellant was in concert or participation with Goodman at the time of the acts in question. While we do not approve or condone the actions of the appellant, we are compelled under the law to reverse the circuit court's order.

Therefore, the order of the Hardin Circuit Court is reversed and remanded with directions that the appellant's motion for a directed verdict be granted.

All concur.